B1 (Official Form 1) (4/10)

| **UNITED STATES BANKRUPTCY COURT**<br>**District of Delaware** | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>NextCARE Hospitals/Muskegon, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>LifeCare Hospitals of Western Michigan | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>74-2901802 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>5340 Legacy Drive, Building 4 - Suite 150, Plano, TX<br>ZIP CODE 75024 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>Various  ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [x] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition Is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |

**Estimated Assets**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [x] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

**Estimated Liabilities**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [x] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

B1 (Official Form 1) (4/10)                                                                                                      Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>NextCARE Hospitals/Muskegon, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:    See Attached Schedule 1 | Case Number:<br>Pending | Date Filed:<br>Same |
| District:        District of Delaware | Relationship:<br>Affiliates | Judge:<br>Pending |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☐    No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)

Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | NextCARE Hospitals/Muskegon, Inc. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X  /s/ Kenneth S. Ziman
Signature of Attorney for Debtor(s)
Kenneth S. Ziman
Printed Name of Attorney for Debtor(s)
Skadden, Arps, Slate, Meagher & Flom LLP
Firm Name
Four Times Square
New York, New York  10036
Address
212-735-3000
Telephone Number
12/11/2012
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
Phillip B. Douglas
Printed Name of Authorized Individual
Chief Executive Officer
Title of Authorized Individual
12/11/2012
Date

_____
Address

X _____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## SCHEDULE 1 – OTHER NAMES USED BY THE DEBTOR IN THE LAST 8 YEARS

| Debtor | Other Names Used in the Last 8 Years |
|---|---|
| LifeCare Hospitals of Milwaukee, Inc. | (i) LifeCare Hospitals of Milwaukee at St. Michael's Campus; (ii) LifeCare Hospitals of Milwaukee at St. Joseph's Campus; (iii) LifeCare Hospitals of Wisconsin |
| LifeCare Hospitals of New Orleans LLC | (i) LifeCare Hospitals of New Orleans at St. Charles General; (ii) LifeCare Hospital of New Orleans at St. Charles General; (iii) LifeCare Hospitals of New Orleans at Kenner Regional; (iv) Gulf States LTAC of New Orleans |
| LifeCare Hospitals of North Texas LP | (i) LifeCare Specialty Hospital of Fort Worth; (ii) LifeCare Specialty Hospitals of Dallas; (iii) LifeCare Hospital of Fort Worth; (iv) LifeCare Hospital of Dallas; (v) LifeCare Hospital of Plano; (vi) LifeCare Hospitals of Fort Worth; (vii) LifeCare Hospitals of Dallas; (viii) LifeCare Hospitals of Plano |
| LifeCare Hospitals of Northern Nevada, Inc. | (i) Tahoe Pacific Hospital; (ii) Tahoe Pacific Hospitals; (iii) Tahoe Pacific Hospitals-West; (iv) Tahoe Pacific Hospitals-Meadows |
| LifeCare Hospitals of Pittsburgh LLC | (i) LifeCare Hospitals of Pittsburgh – North; (ii) LifeCare Hospitals of Pittsburgh; (iii) LifeCare Hospitals of Pittsburgh – Main; (iv) LifeCare Hospitals of Pittsburgh – Alle-Kiski; (v) LifeCare Hospitals of Pittsburgh – Suburban; (vi) Transitional Care Center at LifeCare Hospitals of Pittsburgh |
| LifeCare Hospitals of South Texas, Inc. | (i) LifeCare Hospitals of South Texas-McAllen; (ii) LifeCare Hospitals of South Texas-Edinburg; (iii) LifeCare Hospitals of South Texas-North; (iv) LifeCare Hospitals of South Texas-South |
| LifeCare Specialty Hospital of North Louisiana LLC | (i) LifeCare Specialty Hospital of North Louisiana; (ii) LifeCare Specialty Hospital of North Louisiana-Farmersville; (iii) LifeCare Specialty Hospital of North Louisiana- Homer |
| NextCARE Specialty Hospital of Denver, Inc. | (i) LifeCare Hospitals of Denver; (ii) Colorado Acute Specialty Care Hospital; (iii) Colorado Acute Long Term Hospital |

## SCHEDULE 1– AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that have filed voluntary petitions for relief in this Court under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), substantially contemporaneously with the filing of this petition.

1.  LCI Holding Company, Inc.

2.  Boise Intensive Care Hospital, Inc.

3.  CareRehab Services, L.L.C.

4.  Crescent City Hospitals, L.L.C.

5.  LCI Healthcare Holdings, Inc.

6.  LCI Holdco, LLC

7.  LCI Intermediate Holdco, Inc.

8.  LifeCare Ambulatory Surgery Center, Inc.

9.  LifeCare Holding Company of Texas LLC

10. LifeCare Holdings, Inc.

11. LifeCare Hospital at Tenaya, LLC

12. LifeCare Hospitals, LLC

13. LifeCare Hospitals of Chester County, Inc.

14. LifeCare Hospitals of Dayton, Inc.

15. LifeCare Hospitals of Fort Worth, L.P.

16. LifeCare Hospitals of Mechanicsburg, LLC

17. LifeCare Hospitals of Milwaukee, Inc.

18. LifeCare Hospitals of New Orleans, L.L.C.

19. LifeCare Hospitals of North Carolina, L.L.C.

20. LifeCare Hospitals of North Texas, L.P.

21. LifeCare Hospitals of Northern Nevada, Inc.

22. LifeCare Hospitals of Pittsburgh, LLC

23. LifeCare Hospitals of San Antonio, LLC

24. LifeCare Hospitals of Sarasota, LLC

25. LifeCare Hospitals of South Texas, Inc.

26. LifeCare Investments, L.L.C.

27. LifeCare Investments 2, LLC

28. LifeCare Management Services, L.L.C.

29. LifeCare REIT 1, Inc.

30. LifeCare REIT 2, Inc.

31. LifeCare Specialty Hospital of North Louisiana, LLC

32. NextCARE Specialty Hospital of Denver, Inc.

33. NextCARE Hospitals/Muskegon, Inc.

34. Pittsburgh Specialty Hospital, LLC

35. San Antonio Specialty Hospital, Ltd.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
In re:                              :     Chapter 11
                                    :
NEXTCARE HOSPITALS/MUSKEGON,        :     Case No. 12- _____ (___)
INC.                                :
                                    :
                                    :
          Debtor.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

   Set forth below is a list of creditors holding the thirty (30) largest unsecured claims against LCI Holding Company, Inc. and its subsidiaries (collectively, the "Debtors")[1], as of approximately December 9, 2012. This list has been prepared on a consolidated basis, based upon the books and records of the Debtors. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.

   This List of Creditors is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. This List of Creditors does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: LCI Holding Company, Inc. (7662), Boise Intensive Care Hospital, Inc. (2686), CareRehab Services, L.L.C. (2279), Crescent City Hospitals, L.L.C. (2012), LCI Healthcare Holdings, Inc. (3557), LCI Holdco, LLC (3233), LCI Intermediate Holdco, Inc. (7709), LifeCare Ambulatory Surgery Center, Inc. (N/A), LifeCare Holding Company of Texas, LLC (9174), LifeCare Holdings, Inc. (2090), LifeCare Hospital at Tenaya, LLC (8443), LifeCare Hospitals, LLC (9674), LifeCare Hospitals of Chester County, Inc. (6062), LifeCare Hospitals of Dayton, Inc. (2086), LifeCare Hospitals of Fort Worth, L.P. (5272), LifeCare Hospitals of Mechanicsburg, LLC (5957), LifeCare Hospitals of Milwaukee, Inc. (4291), LifeCare Hospitals of New Orleans, L.L.C. (4151), LifeCare Hospitals of North Carolina, L.L.C. (1857), LifeCare Hospitals of North Texas, L.P. (2743), LifeCare Hospitals of Northern Nevada, Inc. (0990), LifeCare Hospitals of Pittsburgh, LLC (9672), LifeCare Hospitals of San Antonio, LLC (6312), LifeCare Hospitals of Sarasota, LLC (7045), LifeCare Hospitals of South Texas, Inc. (5457), LifeCare Investments, L.L.C. (5041), LifeCare Investments 2, LLC (4598), LifeCare Management Services, L.L.C. (4309), LifeCare REIT 1, Inc. (3708), LifeCare REIT 2, Inc. (2075), LifeCare Specialty Hospital of North Louisiana, LLC (2585), NextCARE Specialty Hospital of Denver, Inc. (8584), NextCARE Hospitals/Muskegon, Inc. (1802), Pittsburgh Specialty Hospital, LLC (6725) and San Antonio Specialty Hospital, Ltd. (5386). The address of the Company's corporate headquarters is 5340 Legacy Drive, Building 4 – Suite 150, Plano, TX 75024.

| Creditor | Contact, Mailing Address and Telephone Number | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of claim |
|---|---|---|---|---|
| US Bank NA | CM-9690 PO BOX 70870 ST PAUL, MN 55170-9690<br><br>P: (651) 495-3918 | Subordinated Notes | | $128,105,482 |
| Vibra Healthcare LLC | 4550 LENA DR SUITE 225 MECHANICSBURG, PA 17055<br><br>P: 7175915742 F: 7175915710 | Promissory Note | | $2,500,000 |
| Recover Care LLC | KEY BANK - LOCK BOX #713222 895 CENTRAL AVE STE 600 CINCINNATI, OH 45202<br><br>P: 5024899449 F: 8669347828 | Accounts Payable | | $301,653 |
| Medline Industries, Inc. | DEPT CH 14400 PALATINE, IL 60055-4400<br><br>P: 8003882147 | Accounts Payable | | $144,659 |
| BMA Of Northwest LA | PO BOX 62760 NEW ORLEANS, LA 70162-2760<br><br>P: 5048305420 F: 5048310771 | Accounts Payable | | $77,555 |
| Crest Services | 735 PLAZA BLVD #210 COPPELL, TX 75019<br><br>P: 8884671536 F: 2144889299 | Accounts Payable | | $60,467 |
| West Penn Allegheny Health System | ALLEGHENY SPECIALTY PRACTICE NETWORK TWO ALLEGHENY CENTER 6TH FLOOR PITTSBURGH, PA 15212<br><br>P: 4123305004 F: 4123304884 | Accounts Payable | | $57,324 |
| Quest Diagnostics Inc. | 12323 COLLECTIONS CENTER DR CHICAGO, IL 60693<br><br>P: 7027333723 | Accounts Payable | | $56,588 |

| Creditor | Contact, Mailing Address and Telephone Number | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of claim |
|---|---|---|---|---|
| Baxter Healthcare Corp. | P O BOX 730531 DALLAS, TX 75373 P: 8479405355 | Accounts Payable | | $47,529 |
| A Vital Response Inc. | PO BOX 1547 MECHANICSBURG, PA 17055 P: 7172077780 F: 7177540011 | Accounts Payable | | $46,326 |
| American Express | PO BOX 360001 FT LAUDERDALE, FL 33336-0001 P: 8005282122 | Accounts Payable | | $45,000 |
| Pharmacy Onesource Inc. | 62417 COLLECTIONS CENTER DR CHICAGO, IL 60693-0624 P: 8006548392 147 | Accounts Payable | | $43,459 |
| Purity Dialysis | 2301 SUN VALLEY DR, #200 DELAFIELD, WI 53018 P: 2626464162 F: 2626462498 | Accounts Payable | | $42,856 |
| Dallas Acute Dialysis | PO BOX 749959 LOS ANGELES, CA 90074-9959 P: 2142591190 F: 2142591199 | Accounts Payable | | $34,945 |
| Healthland | DEPT CH 17945 PALATINE, IL 60055-7945 P: 5024250200 F: 5024250511 | Accounts Payable | | $29,627 |
| C R Bard Inc. | PO BOX 75767 CHARLOTTE, NC 28275 P: 8008262273 | Accounts Payable | | $29,612 |
| Abbott Nutrition | 75 REMITTANCE DR CHICAGO, IL 60675-1310 P: 8005515838 | Accounts Payable | | $28,781 |

| Creditor | Contact, Mailing Address and Telephone Number | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of claim |
|---|---|---|---|---|
| Dialysis Clinic Inc. | 2534 MONROEVILLE BLVD MONROEVILLE, PA 15146<br><br>P: 4128236041<br>F: 4128236493 | Accounts Payable | | $28,755 |
| Siemens Healthcare Diagnostics<br>Siemans Med Solutions Diagnostics | PO BOX 121102 DALLAS, TX 75312-1102<br><br>P: 8006786699<br>F: 3106459999 | Accounts Payable | | $28,702 |
| Cbiz Valuation Group LLC<br>Accounts Receivable | PO BOX 849846 DALLAS, TX 75284-9846<br><br>P: 9726200400 | Accounts Payable | | $27,268 |
| Angelica Textile Services Inc. | PO BOX 535122 ATLANTA, GA 30353-5122<br><br>P: 8888946599<br>F: 2147485734 | Accounts Payable | | $25,279 |
| Stericycle | PO BOX 6575 CAROL STREAM, IL 60197-6575<br><br>P: 8667837422<br>F: 8008560432 | Accounts Payable | | $24,529 |
| Hemodialysis Services Inc. | PO BOX 22330 BEECHWOOD, OHIO 44122<br><br>P: 2163782691<br>F: 2163782819 | Accounts Payable | | $24,342 |
| Dell Financial Services<br>Payment Processing Center | PO BOX 5292 CAROL STREAM, IL 60197-5292<br><br>P: 8776633355 | Accounts Payable | | $24,161 |
| KCI USA | PO BOX 203086 HOUSTON, TX 77216-3086<br><br>P: 8004286089 | Accounts Payable | | $23,426 |
| Healthcare Services Group Inc. | 3220 TILLMAN DR STE 300 BENSALEM, PA 19020-2050<br><br>P: 2675258556<br>F: 2675664798 | Accounts Payable | | $23,351 |

| Creditor | Contact, Mailing Address and Telephone Number | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of claim |
|---|---|---|---|---|
| Giant Eagle Inc. | PO BOX 951676 CLEVELAND, OH 44193<br><br>P: 8004331820<br>F: 4129681554 | Accounts Payable | | $23,275 |
| Vista Staffing Solutions Inc. | FILE 50834 LOS ANGELES, CA 90074-0834<br><br>P: 8003661884<br>F: 8014878190 | Accounts Payable | | $23,205 |
| US Med-Equip Inc. | PO BOX 41321 HOUSTON, TX 77241<br><br>P: 8776777767<br>F: 7139838861 | Accounts Payable | | $23,103 |
| Burton Auto Supply | 529 EAST HIGHWAY 83 WESLACO, TX 78596<br><br>P: 9569733260<br>F: 9569739859 | Accounts Payable | | $21,469 |

### DECLARATION UNDER PENALTY OF PERJURY

I, Phillip B. Douglas, Authorized Signatory for the Debtor, declare under penalty of perjury that I have read the foregoing List of Creditors and that it is true and correct to the best of my knowledge, information and belief.

Dated: December 11, 2012
      Plano, Texas

By: _____
Name:  Phillip B. Douglas

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :    Chapter 11
                                                    :
NEXTCARE HOSPITALS/MUSKEGON,                         :    Case No. 12- _____ (___)
INC.                                                :
                                                    :
                                                    :
                          Debtor.                   x
- - - - - - - - - - - - - - - - - - - - - - - - - -

## CORPORATE OWNERSHIP STATEMENT OF
## NEXTCARE HOSPITALS/MUSKEGON, INC.

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following organizational chart identifies all entities having a direct or indirect ownership interest in the above-captioned debtor in possession (the "Debtor") and any entity in which the Debtor owns an interest.

### DECLARATION

I, Phillip B. Douglas, Authorized Signatory for the Debtor in this case, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my knowledge, information and belief.

Dated: December 11, 2012
       Plano, Texas

By: _____
Name: Phillip B. Douglas

**Debtor Organizational Chart**

LCI Holding Company, Inc. (DE)
↓ 100%
LCI Intermediate Holdco, Inc. (DE)
↓ 100%
LCI Holdco, LLC (DE)
↓ 100%
LifeCare Holdings, Inc. (DE)
↓ 100%

- LifeCare Hosps. of San Antonio, LLC (TX)
- LifeCare Specialty Hosp. of North Louisiana, LLC (DE)
  - LifeCare Ambulatory Surgery Center, Inc. (TX)
- Pittsburgh Specialty Hosp., LLC (DE)
  - LifeCare Hosps. of Sarasota, LLC (DE)
- LifeCare Hosps. of Mechanicsburg, LLC (DE)
  - LifeCare Hosps. at Tenaya, LLC (DE)
- LifeCare REIT 1, Inc. (DE)
  - LifeCare REIT 2, Inc. (DE)
- LifeCare Investments 2 LLC (DE)
  - LCI Healthcare Holdings, Inc. (DE)
    ↓ 100%
    Boise Intensive Care Hosp., Inc. (DE)
- CareRehab Services, L.L.C. (DE)
  - NextCARE Hosps./ Muskegon, Inc. (MI)
- NextCARE Specialty Hosp. of Denver, Inc. (DE)
  - LifeCare Management Services, L.L.C. (LA)
    ↓ 100%
    LifeCare Holding Company of Texas, LLC (NV)
    - 99% Limited Partner
    - 1% General Partner
    → San Antonio Specialty Hosp., Ltd. (TX)
    → LifeCare Hosps. of North Texas, L.P. (TX)
    → LifeCare Hosps. of Fort Worth, L.P. (TX)
- LifeCare Investments, L.L.C. (NV)
  - LifeCare Hosps. of South Texas, Inc. (DE)
- LifeCare Hosps. of Pittsburgh, LLC (NV)
  - LifeCare Hosps. of New Orleans, L.L.C. (LA)
- LifeCare Hosps. of Northern Nevada, Inc. (DE)
  - LifeCare Hosps. of North Carolina, L.L.C. (LA)
- LifeCare Hosps. of Milwaukee, Inc. (DE)
  - LifeCare Hosps. of Dayton, Inc. (NV)
- LifeCare Hosps. of Chester County, Inc. (NV)
  - LifeCare Hosps., Inc. (LA)
- Crescent City Hosps., L.L.C. (LA)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - x
|   | : |   |
|---|---|---|
| In re: | : | Chapter 11 |
|   | : |   |
| NEXTCARE HOSPITALS/MUSKEGON, INC. | : | Case No. 12- _____ ( ___ ) |
|   | : |   |
|   | : |   |
| Debtor. | : |   |
|   | x |   |

- - - - - - - - - - - - - - - - - - - - - - - 

### LIST OF EQUITY SECURITY HOLDERS

This list contains the equity security holders (the "List of Equity Security Holders") of NextCARE Hospitals/Muskegon, Inc. (the "Debtor"), which has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3).

| Equity Holder | Address of Equity Holder | Amount of Shares | Type of Shares |
|---|---|---|---|
| LifeCare Holdings, Inc. | 5340 Legacy Drive Building 4 – Suite 150 Plano, TX 75024 | 100% | Common Stock |

### DECLARATION

     I, Phillip B. Douglas, Authorized Signatory for the Debtor, declare under penalty of perjury that I have read the List of Equity Security Holders and that it is true and correct to the best of my knowledge, information and belief.

Dated: December 11, 2012
     Plano, Texas

By: _____
Name:  Phillip B. Douglas

**NEXTCARE HOSPITALS/MUSKEGON, INC.**

**ACTION BY UNANIMOUS WRITTEN CONSENT OF THE
BOARD OF DIRECTORS**

**December 10, 2012**

---

The undersigned, being Directors of NextCARE Hospitals/Muskegon, Inc., a Michigan corporation (the "Corporation"), do hereby consent to the adoption of, and do hereby adopt, the following resolutions as if they were adopted at a duly convened meeting of the Board of Directors and direct that this written consent be filed with the minutes of the proceedings of the Board of Directors:

WHEREAS, the Board of Directors, having discussed its strategic alternatives and the best course of action to maximize value, deems it advisable and in the best interests of the Corporation, its creditors, the Board of Directors and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby;

WHEREAS, the Board of Directors, having discussed its strategic alternatives and the best course of action to maximize value, deems it advisable and in the best interests of the Corporation, its creditors, the Board of Directors and other interested parties, in connection with the bankruptcy filing, to execute an asset purchase agreement for the sale of substantially all of the assets of the Corporation (the "Sale"), subject to higher or otherwise better offers, and the entry into any necessary documents to effect such a sale is authorized hereby;

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interest of each of the Corporation, its creditors, the Board of Directors and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each of the officers of the Corporation, including without limitation, the president, the chief executive officer, the chief financial officer, and any vice president, secretary, treasurer, assistant secretary and assistant treasurer of the Corporation be appointed by the Board of Directors as an authorized signatory (each, individually, an "Authorized Representative,"

1

and, collectively, the "<u>Authorized Representatives</u>") of the Corporation in connection with the chapter 11 case authorized herein; and it is further

RESOLVED, that the Authorized Representatives be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary, proper or desirable in connection with the chapter 11 case, entering into an agency or similar agreement, with a view to the successful prosecution of such case; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief on behalf of the Corporation under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that the Corporation as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to obtain debtor-in-possession financing (the "<u>DIP Financing</u>") (with such final terms and provisions as any one or more of the Authorized Representatives may approve) and to obtain the use of cash collateral in such amounts and on such terms as may be approved by any one or more of the Authorized Representatives as is reasonably necessary for the continuing conduct of the affairs of the Corporation and to grant security interests in and liens upon all or substantially all of the Corporation's assets as may be deemed necessary by any one or more of the Authorized Representatives in connection with such borrowings or the use of such cash collateral; and it is further

RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed to negotiate, execute, deliver, and perform, on behalf of and in the name of the Corporation, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution including, but not limited to, any credit agreement, pledge agreement, security agreement, promissory note, letter of credit application, mortgage, or other security instrument, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate, or any other document evidencing the obligations of the Corporation under the DIP Financing, and any modifications or supplements

2

thereto, all such materials to be in the form approved by one or more of the Authorized Representatives, the execution and delivery thereof by such Authorized Representatives to be conclusive evidence of such approval; and it is further

RESOLVED, that in connection with the bankruptcy filing, it is desirable and in the best interest of each of the Corporation, its creditors, the Board of Directors and other interested parties to enter into (concurrently with certain other subsidiaries of the Corporation) an Asset Purchase Agreement (the "Asset Purchase Agreement"), substantially on the terms of the draft asset purchase agreement which has been provided to the Board of Directors, subject to approval by the relevant bankruptcy court; and it is further

RESOLVED, that it is desirable and in the best interest of the Corporation to enter into such additional agreements, consents, certificates, amendments, assignments and instruments as may be necessary to consummate the Sale, subject to approval by the relevant bankruptcy court; and it is further

RESOLVED, that the Corporation and the Board of Directors hereby approve the Sale, on the terms and subject to the conditions set forth in the Asset Purchase Agreement and subject to approval by the relevant bankruptcy court; and it is further

RESOLVED, that the form, terms and provisions of the Asset Purchase Agreement and all other agreements and undertakings on the part of the Corporation made pursuant thereto or in connection therewith (collectively, the "Definitive Sale Documentation"), and the performance by the Corporation of its obligations thereunder and the consummation by the Corporation of the transactions contemplated thereby, be, and they hereby are, approved and adopted in all respects; and it is further

RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed to execute and deliver, in the name of and on behalf of the Corporation, the Asset Purchase Agreement and any and all of the Definitive Sale Documentation, each in substantially the form provided or described to the undersigned, with such changes, amendments, modifications and supplements thereto as shall be deemed necessary, appropriate or advisable by the Authorized Representative executing the same, such approval to be conclusively evidenced by the execution and delivery thereof by such Authorized Representative; and it is further

RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, on behalf of and for and in the name of the Corporation, to amend, supplement or otherwise modify from time to time the terms of any

3

documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under a general retainer to render legal services to, and to represent, the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve; and it is further

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP and its affiliates be, and hereby are, employed under a general retainer to serve as counsel to the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve; and it is further

RESOLVED, that the firm of Kurtzman Carson Consultants LLC is hereby engaged to provide the Corporation with consulting services including, without limitation, noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and assisting with the preparation of the Corporation's schedules of assets and liabilities and statement of financial affairs, in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve; and it is further

RESOLVED, that the firm of Huron Management Services LLC be, and hereby is, employed to provide the Corporation with an Interim Chief Financial Officer, and certain additional employees of it and its professional service provider affiliates, in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve; and it is further

RESOLVED, that the firm of Rothschild Inc. be, and hereby is, employed as financial advisor and investment banker for the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve; and it is further

RESOLVED, that the accounting firm KPMG LLP and its affiliates be, and hereby are, employed to render tax advisory services to the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve; and it is further

RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, on behalf of, and in the name of the Corporation, to

4

retain such other professionals as they deem appropriate during the course of the chapter 11 case; and it is further

RESOLVED, that the Authorized Representatives of the Corporation be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Corporation.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** this action by written consent has been executed by the undersigned directors as of the date first written above.

By: _____

   Name: Phillip B. Douglas
   Title:   Chief Executive Officer


By: _____

   Name: Stuart Archer
   Title:   Chief Operating Officer


By: _____

   Name: Erik Pahl
   Title:   General Counsel

IN WITNESS WHEREOF, this action by written consent has been executed by the undersigned directors as of the date first written above.

By: _____
    Name: Phillip B. Douglas
    Title:   Chief Executive Officer

By: _____
    Name: Stuart Archer
    Title:   Chief Operating Officer

By: _____
    Name: Brik Pahl
    Title:   General Counsel